```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
M.D. RONALD HOFFMAN,                                                    :
                                                                        :
                                Plaintiff,                              :        14-CV-8629 (JMF)
                                                                        :
                -v-                                                     :        MEMORANDUM OPINION
                                                                        :              AND ORDER
VITAMIN SHOPPE INDUSTRIES INC.,                                         :
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Ronald Hoffman filed this breach-of-contract action against Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe") in New York County Supreme Court (the "State Court"). After Vitamin Shoppe lost at trial — but before the trial court could enter a judgment — it removed the case to this Court. Plaintiff subsequently moved to remand the case back to the court in which it was filed and for attorneys' fees. By Order dated December 18, 2014, the Court granted Plaintiff's motion for reasons to be stated in an opinion to be filed in due course. (Docket No. 26). The Court now provides those reasons.

## BACKGROUND

The following background is taken from Plaintiff's Complaint and relevant declarations submitted by the parties. *See, e.g., Kunstenaar v. Hertz Vehicles, LLC*, No. 14-CV-1101 (PAE), 2014 WL 1485843, at *1 n.1 (S.D.N.Y. Apr. 14, 2014) (considering a party's declaration and attached documents in determining whether a defendant's removal was timely).

This case arises out of a 2006 contract (the "Collaboration Agreement") between Hoffman, the host of a nationally syndicated radio show discussing medical issues, and Vitamin

Shoppe, a retail chain, for the development and sale of supplements, vitamins, and other nutritional products (the "Nutritional Products"). (Decl. David L. Rosen, Esq. Supp. Pl.'s Mot. To Remand & For Attorney's Fees (Docket No. 9) ("Rosen Decl."), Ex. A ("Stipulated Facts") at 3; *id.*, Ex. B ("Agreement")). Pursuant to the Collaboration Agreement, the parties developed and sold products under the label "M.D. Select," and Hoffman was entitled to receive a four percent royalty. (Stipulated Facts 2, 7). Vitamin Shoppe terminated the Collaboration Agreement in June 2011, but its obligation to pay royalties on sales of the M.D. Select Products continued. (Stipulated Facts 2, 7; Agreement § 3.4). Thereafter, it continued to sell the M.D. Select Products, but it re-labeled some with the Vitamin Shoppe Blue Label (the "Blue Label Products") and refused to pay Hoffman any further royalties on those. (Stipulated Facts 2).

Hoffman filed this lawsuit in state court in December 2011, alleging that Vitamin Shoppe breached the Collaboration Agreement by refusing to pay royalties on the Blue Label Products. (Rosen Decl., Ex. C. ("Compl.")). As relevant here, he sought damages for the past failure to pay royalties and a declaration that Vitamin Shoppe must pay royalties on all future sales. (*Id.* ¶¶ 81-87, 92-102). In October 2014, the State Court held a bench trial on Hoffman's claims. The Court found that Vitamin Shoppe had breached the Collaboration Agreement and was obligated to pay Hoffman royalties on all sales — including future sales — of the disputed products. (Rosen Decl., Ex. G. ("Opinion")). On October 29, 2014, Vitamin Shoppe removed the case to this Court, contending that the decision to award Hoffman "an on-going patent-like royalty . . . effectively transformed Hoffman's breach of contract case into a claim that is preempted by federal patent law." (Notice Removal Def., Vitamin Shoppe Indus. Inc. (Docket No. 1) ("Notice of Removal") 3). Hoffman filed a motion to remand on November 7, 2014, arguing that

2

Hoffman's breach-of-contract claims are not completely preempted by federal law and that, in any event, the removal was untimely. (Docket No. 7). The Court agrees.

## DISCUSSION

**A.     Remand**

It is well established that "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted); *see also In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 392-93 (S.D.N.Y. 2014). As a general matter, Congress has granted federal district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, *see* 28 U.S.C. § 1332. Where a plaintiff files such a case in state court, Title 28, United States Code, Section 1441(a) allows a defendant — with some exceptions not relevant here — to "remove[]" the case to federal district court. The procedures governing removal of civil actions are set forth in Title 28, United States Code, Section 1446. That statute, as amended in 2011, provides that a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

Significantly, "'[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma*, 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (alteration in original)); *accord Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d at

392-93.  "Such 'strict construction of the right of removal' also 'makes good sense,' as '[a]n order denying a motion to remand a case to state court is ordinarily not appealable until after a final judgment or order is filed in the case.'" *Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d at 392 (quoting 16 James Wm. Moore et al., Moore's Federal Practice § 107.05 (3d ed. 2012)).  "If the court of appeals determines that the case should have been remanded on the ground that there was no federal jurisdiction, the judgment on the merits must also be vacated because of the lack of jurisdiction.  If the case was improperly remanded, at least the state court judgment will not be invalidated because of a lack of subject matter jurisdiction."  *Id.* (internal quotation marks omitted).

Vitamin Shoppe argues that removal is proper here because the "state court's October 6, 2014 decision giving a patent-like royalty in deciding a breach of contract claim is preempted by patent law."  (Mem. Law Def. Vitamin Shoppe Indus. Inc. Opp'n Pl.'s Mot. To Remand & Atty's Fees (Docket No. 22) ("Def's Mem.") 5-6).  That argument fails for two reasons.  First, on the merits, Hoffman's claims are not preempted.  In arguing otherwise, Vitamin Shoppe relies heavily on the Supreme Court's decision in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), which held that "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." *Id.* at 32.  (Def.'s Mem. 22).  In *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257 (1979), however, the Supreme Court clarified that the principle underlying the holding in *Brulotte* "was simply that the monopoly granted *under a patent* cannot lawfully be used to 'negotiate with the leverage of that monopoly.'"  *Id.* at 265 (quoting *Brulotte*, 379 U.S. at 33).  Thus, the Court held, a perpetual royalty agreement for an *un-patented* product — such as those at issue here — is *not* preempted.  *Id.*  Vitamin Shoppe attempts to distinguish *Aronson* by arguing that the contract at issue here, unlike the one in *Aronson*, does not promote innovation

4

because Hoffman played no role in formulating the relevant products. (Defs.' Mem. 12). That argument, however, ignores the fact that Vitamin Shoppe's knowledge of the marketing advantage conferred by Hoffman's endorsement could easily have incentivized Vitamin Shoppe to develop new products. As in *Aronson*, enforcement of the Collaboration Agreement "does not withdraw any idea from the public domain." *Aronson*, 440 U.S. at 263. Instead, "[i]t merely requires [Vitamin Shoppe] to pay the consideration which it promised" in return for the use of Hoffman's image and expertise in marketing and developing a new product. *Id.* at 264.

In fact, the case for preemption here is even weaker than it was in *Aronson*. In *Aronson*, the parties contracted in the shadow of a pending patent application, which arguably meant that federal patent law gave the plaintiff some leverage in negotiating for a royalty. *See id.* at 261-62. No such leverage was present here. This case involves no more than a straightforward breach-of-contract claim, and it is well established that "[s]tate law is not displaced merely because the contract relates to intellectual property which may or may not be patentable." *Id.* at 262; *see also Ultra-Precision Mfg.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005) (distinguishing between contract claims and unjust enrichment claims in finding that an unjust enrichment claim was preempted by patent law); *Therien v. Trustees of the Univ. of Penn.*, No. 04-CV-4786 (BMS), 2006 WL 83448, at *4 (E.D. Pa. Jan. 10, 2006) (holding that "an action removed to federal court is properly dismissed for lack of subject matter jurisdiction when the case is essentially a patent-related contract dispute" and citing cases).

Second, Vitamin's Shoppe's removal is patently untimely. Generally, parties must file a notice of removal within thirty days of "the receipt . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). As Defendant did not file a notice of removal until nearly *three years* after the filing of the Complaint, that requirement is obviously not satisfied here. Vitamin Shoppe

claims that it timely removed the case pursuant to Title 28, United States Code, Section 1146(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." It has not, however, cited a single case — and the Court is not aware of any — allowing a defendant to remove a case to federal court after being found liable at trial. And, in any event, Vitamin Shoppe's argument that it was unaware until after the State Court ruled in Hoffman's favor that Hoffman could receive a perpetual royalty for the sale of products that he did not formulate is disingenuous at best. The Complaint itself made clear that Hoffman was seeking a perpetual royalty on Vitamin Shoppe's sale of the "Products" covered by the Collaboration Agreement. (Compl. ¶¶ 92-102). And even if Vitamin Shoppe was unaware at that time that Hoffman believed the "Products" included those Hoffman did not formulate, it was certainly aware as of March 2012 — more than *two years* before it filed its notice of removal — when it opposed Hoffman's motion for partial summary judgment on the grounds that "Plaintiff did not formulate a number of products" and that "[a]t the very least, the Contract would require royalties only for products which he formulated and which bear his likeness." (Rosen Decl., Ex. H at 7 (emphasis omitted)). The fact that the State Court ultimately agreed with Hoffman, and granted him the relief that he had been seeking for years, did not suddenly transform the case into one that was removable under federal law.[1]

---

[1] Vitamin Shoppe's removal may have been improper for a third reason. Even if Hoffman's claims are preempted, "it is well established that — except for the rare case of complete preemption . . .— claims of defensive preemption are not sufficient to give rise to federal jurisdiction." *Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d at 397 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)); *see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004) ("Preemption does not necessarily confer jurisdiction, since it is generally a defense to plaintiff's suit, and, as such, it does not appear on

**B.      Fees**

Under Title 28, United States Code, Section 1447(c), a court issuing a remand order has discretion to impose "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (stating that the award of attorney's fees is "discretionary in the first instance"). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, for the reasons explained above, there was no objectively reasonable basis for removal, and Hoffman is entitled to his fees and costs. Even if there were a colorable preemption argument — and there is not — Vitamin Shoppe's attempts to justify why its removal was timely are meritless, if not frivolous. A defendant is not

---

the face of a well-pleaded complaint."). The Federal Circuit has held that the preemption of "state law that offers 'patent-like protection' to discoveries unprotected under federal patent law" is, at least with respect to unjust enrichment claims, "only conflict preemption," not field preemption, because Congress gave no indication that it intended to occupy the entire field. *Ultra-Precision*, 411 F.3d at 1377-78; *see also id.* at 1376 ("Federal Circuit law governs whether federal patent law preempts a state law claim."). That holding presumably applies equally to breach-of-contract claims. And if Congress did not intend to occupy the entire field, it can hardly be said that federal patent law has "so completely occupied [the] field that any state-law claims that fall within its scope are necessarily transformed, for jurisdictional purposes, into federal claims." *Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 550, 557 (E.D.N.Y. 2010); *see, e.g.*, *ClearPlay, Inc. v. Abecassis*, 602 F.3d 1364, 1367 n.1 (Fed. Cir. 2010) (finding that the complete preemption doctrine did not apply to a state law action for the breach of a royalty agreement entered into to settle a patent infringement lawsuit); *Mannsfield v. Evonik Degussa Corp.*, No. 10-CV-0553 (WHS), 2011 WL 53098, at *8-9 (S.D. Ala. Jan. 5, 2011) (finding that federal patent law does not completely preempt state claims). That said, the Second Circuit has held that "any federal statute that both preempts state law and substitutes a federal remedy for that law" thereby creates "an exclusive federal cause of action," *Briarpatch*, 373 F.3d at 305, which might suggest that complete preemption does apply here. In any event, the Court need not decide that issue in this case, as either of the other two grounds for remand is sufficient.

entitled to pursue a case through trial in state court and then, upon losing, argue that the state court's adoption of the plaintiff's theory of the case entitles it to a do-over in federal court.

The parties have stipulated that Hoffman's fees and costs total $27,985.45.  (Docket No. 31 (the "Stipulation")).  Accordingly, Vitamin Shoppe is ordered to pay that amount pursuant to the terms set forth in the parties' Stipulation.

## CONCLUSION

The federal removal statute is not a means to evade state court rulings that a litigant does not like.  Vitamin Shoppe may not, after nearly three years of litigation in state court, prevent the trial court from entering judgment by removing this case to federal court.  Its remedy — if it has one at all — is in the state courts, either before the trial court or on appeal.  Accordingly, Plaintiff's motion is GRANTED and Defendant is ORDERED to pay Plaintiff $27,985.45 pursuant to the terms set forth in the Stipulation.  The Clerk of Court is directed to close the case.

SO ORDERED.

Date: January 16, 2015
New York, New York

JESSE M. FURMAN
United States District Judge